CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

March 27, 2025

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GARY MATTHEW HUDSON, )<br>    Petitioner, )<br>)<br>v. )<br>)<br>CHADWICK S. DOTSON, )<br>    Respondent. ) | Civil Action No. 7:24-cv-00084<br><br><br><br><br>By: Elizabeth K. Dillon<br>    Chief United States District Judge |

**MEMORANDUM OPINION**

Gary Matthew Hudson, a Virginia inmate proceeding *pro se*, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Hudson is challenging a sentence imposed by the Circuit Court for Franklin County based upon a probation violation. (Habeas Pet., Dkt. No. 1.) Respondent has moved to dismiss on the grounds that the petition is untimely. (Dkt. No. 10.)[1] This motion will be granted.

I. BACKGROUND

Hudson is in custody pursuant to an order dated April 19, 2021. (Resp't's Ex. 1, Dkt. No. 12-1.) At a sentencing hearing on April 7, 2021, the Franklin County Circuit Court found Hudson guilty of violating the terms of his probation and revoked a suspended prison term, sentencing him to three years, nine months, and twenty days of incarceration, with two years and eleven months suspended. (*Id.*) He did not file a direct appeal of his sentence.

Hudson filed a motion to reconsider his sentence on August 1, 2022. (Resp't's Ex. 2, Dkt. No. 12-2.) The trial court denied the motion on August 20, 2022. (Resp't's Ex. 3, Dkt. No. 12-3.) Hudson appealed to the Court of Appeals of Virginia. On April 11, 2023, he filed an Affidavit In Forma Pauperis and handwrote that he "wants to dismiss the case." (Resp't's Ex. 4,

---

[1] The court issued a *Roseboro* notice on April 17, 2024 (Dkt. No. 15), and Hudson did not respond to the motion to dismiss.

Dkt. No. 12-4.) On April 14, 2023, the court issued a letter informing Hudson that his request to withdraw the appeal was not in the proper form. (Resp't's Ex. 5, Dkt. No. 12-5.) In an order dated June 16, 2023, the court dismissed the appeal because Hudson did not file an opening brief in compliance state law and appellate procedure. (Resp't's Ex. 6, Dkt. No. 12-6.)

## II. ANALYSIS

### A. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. § 2244(d)(1)(A).[2] The one-year limitations period may be tolled during the pendency of a properly filed application for state post-conviction relief. § 2244(d)(2).

Hudson did not file a direct appeal of his sentence and conviction, and the time for doing so expired on May 19, 2021, thirty days after the Franklin County Circuit Court entered its final order in Hudson's case. *See* Va. S. Ct. Rule 5A:6. Thus, he had a year from that date to file his federal habeas petition, but this petition was not filed until 2024. Hudson's motion to reconsider and subsequent appeal in state court, initiated by him on August 1, 2022, cannot operate to toll the limitations period because these filings occurred after the period had already expired.

Hudson did not respond to the motion to dismiss. His only argument pertaining to timeliness, which he made in response to the court's initial screening order suggesting that the petition may be untimely (Dkt. No. 2), is that his conviction became final when the Court of

---

[2] Other possible dates for the statute of limitations to begin running are not relevant and have not been argued by petitioner. *See* 28 U.S.C. § 2244(d)(1).

2

Appeals of Virginia dismissed the appeal of his motion to reconsider in 2023 (Dkt. No. 6). This is wrong as the court's analysis demonstrates.

Thus, the court finds that Hudson's petition is untimely.

**B. Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on a § 2254 petition. *See* 28 U.S.C. § 2253(c)(2). When a district court dismisses a § 2254 petition solely on procedural grounds, such as timeliness, a certificate of appealability will not issue unless the petitioner can demonstrate both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Petitioner has failed to make the requisite showing. Therefore, the court declines to issue a certificate of appealability. However, petitioner may still ask the United States Court of Appeals for the Fourth Circuit to issue such a certificate. *See* Fed. R. App. P. 22(b).

### III.  CONCLUSION

For the reasons stated in the foregoing opinion, the court will issue an appropriate order granting respondent's motion to dismiss, dismissing Hudson's § 2254 petition, and declining to issue a certificate of appealability.

Entered: March 27, 2025

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge